UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY JOE ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-445-DDN |
| | ) | |
| DUSTIN HAYS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Terry Joe Roberts for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $4.70. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $14.08, and an average monthly balance of $23.49. The Court will therefore assess an initial partial filing fee of $4.70, which is twenty percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections, Investigator Zachary Whitehead, and correctional officers Dustin Hays, Donna Rick, Michael Hubbart, Kasey Williams, and David Dooley. Plaintiff states that he sues the defendants in an official and individual capacity.

According to the complaint, Hays and Dooley made degrading comments to plaintiff while he was nude. Hays looked into plaintiff's cell door while plaintiff was sitting on the toilet. Hays also teased plaintiff, and called him insulting names. Hays was dishonest on conduct violation reports, in violation of a Department procedure that requires officers to be truthful in all reports. Because of Hays's dishonesty, all of the conduct violation reports filed by other officers

are false.  Plaintiff is being "railroaded" by all of these corrections officers, everyone who is supposed to be professional is lying, "they" are all conspiring against him, and Hays has a vendetta against him.  (Docket No. 1 at 9).  Hays is the "main culprit."  *Id.*

Plaintiff also describes an incident that occurred on October 15, 2016, and specifically,

> [Hays] also wrote a Conduct Violation Report, falsely stating that I "entered the Sally Port, called him a "lying motherf*****" and began swinging at him and striking him with a closed fist.  But what really happened is that I was on my way to medical to get a EKG for my heart condition when Officer Hays asked me where I was going.  I said to medical sir.  He said, "it's always something with you Roberts."  I then stated "you're a lying motherf*****" and tried to pass him because he was blocking the doorway.  I was angry because he lies in a lot of Conduct Violation Reports.  CO-I Hays then hit me with a double palm fist strike to my chest area.  I had just received hand surgery 6 months before and my cast had been removed from my hand two days before this.  So when he struck me I became in fear of my life and was in fear of limbs.  I then defended myself the best I could.  The other CO-Is Donna Rick, Co-I Michael Hubbart, Co-I Kasey Williams then slammed me to the ground and all of them began hitting me with closed fist.  Me and Co-I Hays were on the bottom of the pile.  After I was handcuffed, Co-I Hays stuck his hand into the pile and grabbed my windpipe with his hand and started pulling my windpipe in my throat.  I asked him "Are you going to choke me after I've been handcuffed?"  He said "You're damn right I am bitch."  I passed out from lack of air due to Co-I Hays choking me with his hand around my windpipe after I was handcuffed.  This is clearly excessive use of force, offender physical abuse, assault by a Department of Corrections staff member, violation of Due Process due to the inaccurate violation reports, harassment in cell searches, sexual harassment during cell searches."

*Id.* at 5-6.  Elsewhere in the complaint, plaintiff states he had to endure "being strangled, broken nose (which medical never reported) and left in my cell for 2 days without any clothing."  *Id.* at 8.  Plaintiff includes no information about how he sustained a broken nose, or who was responsible.  Plaintiff claims that Rick "lied in several of her reports also," and that Whitehead is "dancing to the tune of Co-I Hays" and all of his reports are false.  (Docket No. 1 at 9-10).  He claims that Dooley made fun of him to make him angry.

Plaintiff claims that all of the foregoing has caused him to be fearful of corrections officers.  As relief, plaintiff states he wants Hays to be prosecuted and the state laws enforced,

4

and he wants the public to know about the lies and corruption. He seeks $10,000.00 "due to the humiliation, physical pain, emotional pain, fear of being attacked by" Hays's friends. *Id.* at 11.

**Discussion**

The Court will dismiss this action, without prejudice, as to the Missouri Department of Corrections. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Missouri Department of Corrections, as an entity of the State of Missouri, is not a person within the meaning of § 1983. *See Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) (en banc). It also has Eleventh Amendment immunity, and is not subject to an action for damages or equitable relief. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

The Court will also dismiss this action without prejudice as to defendants Hays, Rick, Hubbart, Williams, Whitehead and Dooley in their official capacities. Plaintiff does not seek injunctive relief against them, and his claims for monetary relief against these State of Missouri actors are legally frivolous. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (naming a state government actor in his or her official capacity is the equivalent of naming the government entity that employs the official; neither a State nor its officials acting in their official capacity are "persons" under § 1983).

The Court will also dismiss plaintiff's individual capacity claims against Hays and Dooley. Plaintiff alleges that Hays and Dooley made degrading comments to him, and insulted and teased him. However, it is clearly established that name calling, verbal abuse, and rude or unprofessional behavior are not actionable under 42 U.S.C. § 1983. *Burton v. Livingston*, 791

F.2d 97, 99 (8th Cir. 1986). Therefore, to the extent plaintiff claims that Hays and Dooley verbally harassed him and/or insulted him, the complaint fails to state a claim upon which relief may be granted.

Plaintiff also claims that Hays, who is the same gender as plaintiff, observed him while he was nude, and looked in his cell while he was sitting on the toilet. Plaintiff also states he has the right to not be looked at while nude. Without more, these allegations do not state a claim upon which relief may be granted. *See, e.g., Timm v. Gunter,* 917 F.2d 1093, 1101–02 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from [being seen nude by a guard of the opposite sex], whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities.").

Plaintiff's remaining allegations against Hays, Rick, Hubbart and Williams fail to state any plausible claims for relief. Plaintiff allegations establish that he initiated a confrontation with Hays, and that Hays, Rick, Hubbart and Williams slammed him to the ground, hit him, and handcuffed him. Plaintiff does not allege he suffered any physical injuries as a result. It is well established that the unnecessary and wanton infliction of pain constitutes the cruel and unusual punishment prohibited by the United States Constitution. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). In the context of a prisoner's Eighth Amendment claim against a prison guard for the use of excessive force, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7. Here, the complaint contains insufficient facts to state a plausible claim that Hays, Rick, Hubbart or Williams applied force maliciously and sadistically to cause harm. Instead, it is more likely that Hays, Rick,

6

Hubbart and Williams applied force in a good-faith effort to maintain or restore discipline. *See Iqbal*, 556 U.S. at 680-82 (When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred).

Plaintiff also claims that, during this incident, Hays grabbed his windpipe and pulled it in his throat, and that as this was happening, plaintiff asked Hays, "Are you going to choke me after I've been handcuffed?" (Docket No. 1 at 6). Applying its judicial experience and common sense, the Court finds that these factual allegations are so implausible as to defy reality. *See Iqbal*, 556 U.S. at 678 (deciding whether a pleading states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Plaintiff also alleges that Hays lied on conduct violation reports, that the reports of other defendants are false because of these lies, that he is being "railroaded," that Hays has a "vendetta" against him, and that "they" are all conspiring against him. (Docket No. 1 at 9). He also states that Rick "lied in several of her reports also" and that Whitehead is "dancing to the tune" of Hays. These allegations are merely conclusory and speculative, and are therefore not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. While *pro se* complaints must be construed liberally and additional details may be revealed following discovery, the complaint must still allege sufficient facts to support the claims advanced. *See Stone*, 364 F.3d at 914.

Plaintiff also states that he has had to endure a broken nose and being left in his cell for two days without clothing. However, plaintiff has alleged no facts in support of these claims, and this Court will neither assume facts not alleged. *See id.* In addition, plaintiff has not identified any particular individual as responsible for his broken nose or his placement in a cell

for two days without clothing. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Finally, plaintiff pleads no non-conclusory facts tending to show he suffered any injury or adverse health consequences as a result of being confined in a cell for two days without clothing. The mere fact of being placed in a cell for two days without clothing does not invade a federally-protected right. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) (citing *Johnson v. Boreani*, 946 F.2d 67, 71 (8th Cir. 1991) ("the Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding.")).

Plaintiff also claims that Hays and other defendants violated Department of Corrections policy, and he states he "wants the State laws enforced." (Docket No. 1 at 11). However, plaintiff does not have "constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff also states he wants Hays to be criminally prosecuted. However, plaintiff does not have a constitutional right or any other basis to compel a criminal investigation, or have another person prosecuted for a crime. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $4.70 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 6) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of August, 2018.

                                          E. RICHARD WEBBER
                                          UNITED STATES DISTRICT JUDGE